In the Matter of the Estate of GEORGE W. LINDSAY, Deceased.

Surrogate's Court, Broome County, June 20, 1932.

*McManus & Buckley*, for Workers' Trust Company, executor.

*Richard F. Rath*, for Harry Lindsay, residuary legatee.

*Edward E. O'Brien*, as special guardian for Paul Vought and Ralph Lindsay, infants.

BAKER, S. In this proceeding for the final judicial settlement of the accounts of the executor herein, the said executor has prayed for judicial determination as to the construction or effect of the provisions of paragraph " sixth " of said will, more particularly of subdivision (b) of said paragraph " sixth " of said will, which paragraph " sixth " is as follows:

" *Sixth.* I hereby give, devise and bequeath all the rest, residue and remainder of my property of every name, nature and description, both real and personal, and wheresoever situate, to my Trustee hereinafter named, and direct said Trustee to invest, reinvest and keep the said property invested for the following purposes:

(a) Out of the said income, said Trustee is hereby directed to pay the premiums on the insurance policies, which policies aggregate Five Thousand Dollars ($5,000) upon the life of my son Harry Lindsay, which policies are now in effect, until said policies mature and are paid to him, according to the terms thereof, and when said policies are so paid to him, said Trustee is hereby directed to pay one-half of my residuary estate to my said son Harry Lindsay. In case my said son Harry Lindsay shall die before said policies mature and are paid to him, or in case he shall surrender said policies, I direct that said one-half of my residuary estate which would have been taken by my son Harry Lindsay shall be then paid to my son George Lindsay.

" (b) Out of the said income, said Trustee is hereby directed to pay the premiums on the insurance policies, which policies aggregate Five Thousand Dollars ($5,000) upon the life of my son George Lindsay, which policies are now in effect, until said policies mature

and are paid to him, according to the terms thereof, and when said policies are so paid to him, said Trustee is hereby directed to pay one-half of my residuary estate to my said son George Lindsay. In case my said son George Lindsay shall die before said policies mature and are paid to him, or in case he shall surrender said policies, I direct that said one-half of my residuary estate which would have been taken by my son George Lindsay shall be then paid to my son Harry Lindsay.

" (c) In case the income on my residuary estate is more than sufficient to pay the insurance premiums mentioned in Subdivisions (a) and (b) thereof, I hereby direct my said Trustee to pay one-half of the income that remains after paying such insurance premiums, annually, to my said son Harry Lindsay, until his said policies are paid to him as aforesaid or until he surrenders them, or until his death, prior to such payment to him, and to pay the remaining one-half of said income after paying such premiums, annually to my said son George Lindsay until his said policies are paid to him as aforesaid, or until his death, prior to such payment to him."

The testator died on June 6, 1928, at which time all of the devisees and legatees mentioned in said will were living. On or about May 18, 1931, death came to George Lindsay, a son of the testator, one of the residuary legatees named in said will. Harry Lindsay, another son and the other residuary legatee, now contends in this proceeding that one-half of the residuary estate should be paid to him by the executor pursuant to paragraph " sixth " of the will. The executor and said special guardian contend that the primary purpose of the testator in creating the trust was to provide funds to be used in paying the premiums upon the insurance policies mentioned in the will. It appears from the petition and account on file herein that the amount of the residuary estate is insufficient to permit all the terms of paragraph " sixth " of the will to be carried out; that is, if one-half of the residuary estate is paid over to said Harry Lindsay, the remaining one-half of the residuary estate will not be sufficient to produce an income large enough to pay the premiums upon Harry Lindsay's insurance policies.

In this case, as in all cases where a testator has expressed two intentions, legally inconsistent, the court will stand in the place of the testator and give effect to that intention which the testator would have preferred if compelled to choose between the two.

The provisions of the will as to taking any portion of the residuary estate by either of the residuary legatees are the same, and it would seem that the testator desired to withhold from them any portion of the residuary estate until their policies matured and

were paid to them, going so far as to provide that if either one of them died, his share of the residuary estate should go to the survivor; making provision also that in case either of the legatees should surrender his policies, his one-half of the residuary would be taken by the other legatee.

It is quite evident to me that the trust with which we are concerned was created to receive the income and apply it in payment of the insurance premiums until the policies mature, and that it was not the intention of the testator to permit either of the residuary legatees to take any part of the residuary estate if such taking would make it impossible to keep the insurance policies in force until they mature.

I, therefore, decide that when the trustee receives the residuary estate it should keep it invested and pay the premiums upon the insurance policies of Harry Lindsay until they mature and are paid to him or until such payment becomes unnecessary by reason of his death prior to maturity.

A decree may be entered accordingly.